1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

GEORGE HAMILTON,                                    CV F 04 5929 REC SMS P

12                          Plaintiff,

13          v.                                      ORDER DISMISSING AMENDED
                                                    COMPLAINT WITH LEAVE TO AMEND
                                                    (Doc. 18 )
14

BILL LOCKYER, et. al.                               ORDER DIRECTING CLERK OF COURT TO
15                                                  SEND PLAINTIFF BLANK CIVIL RIGHTS
                            Defendants.             FORM
16  _____/

17

18          George Hamilton  ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19  in this civil rights action pursuant to 42 U.S.C. § 1983.

20          Plaintiff filed the instant action on December 12, 2003, in the U.S. District Court for the

21  Northern District of California.   The case was transferred and received in this Court on July 6,

22  2004.   This Court dismissed the Complaint with leave to amend on March 30, 2005.  Plaintiff

23  filed an Amended Complaint on October 7, 2005.  (Doc. 18).  As in the original Complaint,

24  Plaintiff again names Attorney General Bill Lockyer, and the Personnel of the Department of

25  Justice DNA and Forensic Identification Data Base and Data Bank as well as Does 1-100 as

26  Defendants.

**A.  SCREENING REQUIREMENT**
27

28          The court is required to screen complaints brought by prisoners seeking relief against a

1

1  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

2  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

3  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

4  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

5  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

6  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

7  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

9  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

10  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

11  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

12  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13  complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  **B. SUMMARY OF COMPLAINT**

18      Plaintiff alleges a violation of his civil rights for the involuntary taking of his DNA

19  pursuant to the California Penal Code.

20      ***1.      Personnel of the Department of Justice DNA and Forensic Identification
            Database and Databank***

21

22  As stated in the Court's prior Order, the civil rights act protects from violations of the

    federal constitution by "persons."  The Personnel Department of Justice, DNA and Forensic

23  Identification Database and Databank are not "persons" within the meaning of Section 1983.

24  Thus, Plaintiff may not proceed in this action naming an organization as a Defendant.

25      ***2.  Attorney General Bill Lockyer***

26      The Eleventh Amendment to the United States Constitution prohibits federal courts from

27  hearing suits brought against an unconsenting state and bars damages actions against state

28

1  officials in their official capacity.  See, Doe v.  Lawrence Livermore Nat'l Lab, 131 F.3d 836,

2  839 (9th Cir.  1997.);  Eaglesmith v.  Ward, 73 F.3d 857, 859 (9th Cir.  1995).  Accordingly,

3  Plaintiff may not sustain an action for damages against defendant Lockyer in his official capacity.

4  Plaintiff was informed of this previously yet he continues to attempt to sue Defendant Lockyer in

5  his official capacity.  Plaintiff's repeated disregard of Court instruction may result in a

6  recommendation that the action be dismissed as such claim is clearly not cognizable in a civil

7  rights action.

8        ***3.  Does 1 through 100***

9        Although plaintiff names Does 1 through 100 as Defendants, Plaintiff does not link any of

10  the Doe Defendants to an act or omission giving rise to the alleged constitutional violations.

11  Plaintiff may not state generally that "Doe Defendants 1-100" collectively did or did not do a

12  specific act.  Plaintiff must allege facts concerning each of the 100 Doe Defendants that gives

13  rise to a constitutional violation.  Plaintiff was informed of this previously but still chooses to

14  name 100 Doe Defendants without sufficient facts linking them to a constitutional violation.

15  Accordingly, the Complaint fails to state a claim for relief against any of the named Doe

16  Defendants.

17        ***4.  Rule 8(a)***

18        A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure

19  8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled

20  to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only

21  give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

22  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely

23  upon at trial, but only a statement sufficient to "give the defendant fair notice of what the

24  plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

25        In this instance, the Court finds that Plaintiff's allegations are not sufficient to put any of

26  the named Doe Defendants on notice as to which of his actions violated plaintiff's rights under

27  the Eighth Amendment.  Plaintiff is forewarned that a repeated failure to comply with Rule 8(a)

28  warrants a recommendation that the action be dismissed.

1      ***5. Linkage Requirement***

2      The Civil Rights Act under which this action was filed provides:

3            Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the

4            deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at

5            law, suit in equity, or other proper proceeding for redress.

6      42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

7      the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

8      Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9      (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

10      constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

11      in another's affirmative acts or omits to perform an act which he is legally required to do that

12      causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

13      Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

14      defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

15      federal rights.

16      In this case, despite the Court's prior Order dismissing with leave to amend, Plaintiff has

17      listed thirteen (13) separate causes of action but does not link any of the named Defendants to

18      any particular acts giving rise to those claims for relief. Further, the Complaint consists of forty

19      (40) pages of narrative most of which also do not link any particular Defendants to any act or

20      omission giving rise to a constitutional claim for relief. Given Plaintiff's complete and utter

21      disregard for this Court's prior Order dismissing with leave to amend which informed him of the

22      deficiencies of his Complaint, Plaintiff continues to name Bill Lockyer and an office in the

23      Department of Justice as Defendants. Further, Plaintiff names 100 Doe Defendants but does not

24      link one of them to acts or omissions as is required for this case to proceed. The Court will not

25      expend its scarce resources combing through the Complaint to try to determine where Plaintiff

26      might state a claim for relief when Plaintiff has refused to name proper Defendants in the action.

27      The Court will afford Plaintiff one further opportunity to amend his Complaint. However,

28      should Plaintiff continue to name improper Defendants, fail to link any of the named Defendants

1  to acts or omissions or fails to comply with Rule 8 of the Federal Rules of Civil Procedure, the

2  Court will recommend dismissal of the action.

3  **D.  CONCLUSION**

4  　　　The Court finds that Plaintiff's complaint does not contain any claims upon which relief

5  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

6  time to file a Second Amended Complaint curing the deficiencies identified above should he

7  wish to do so.

8  　　　Plaintiff must demonstrate in the Second Amended Complaint how the conditions

9  complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625

10  F.2d 227 (9th Cir. 1980).  The Second Amended Complaint must specifically state how each

11  Defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is

12  some affirmative link or connection between a defendant's actions and the claimed deprivation.

13  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

14  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15  　　　Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

16  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

17  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

18  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

19  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

20  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

21  Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference

22  the appropriate case number, and be an original signed under penalty of perjury.

23  **E.  ORDER**

24  　　　The Court HEREBY ORDERS:

25  　　　1.　　　The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

26  　　　　　　　complaint form;

27  　　　2.　　　The Amended Complaint is DISMISSED with leave to amend.  WITHIN

28  　　　　　　　THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

1          a.      File a Second Amended Complaint curing the deficiencies identified by

2                  the Court in this Order, or

3          b.      Notify the Court in writing that he does not wish to file a Second

4                  Amended Complaint and pursue the action but instead wishes to voluntary

5                  dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

6          Plaintiff is forewarned that his failure to comply with this Order may result in a

7   Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

8

9   IT IS SO ORDERED.

10  **Dated:    November 1, 2006**              _____/s/ Sandra M. Snyder_____
    icido3                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6