# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON, | CV F 04 5929 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST TO FILE AN INTERLOCUTORY APPEAL (Doc. 23.) |
| BILL LOCKYER, et. al. | ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME (Doc. 24.) |
| Defendants. | |

George Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 12, 2003, in the U.S. District Court for the Northern District of California.  The case was transferred and received in this Court on July 6, 2004.  This Court dismissed the Complaint with leave to amend on March 30, 2005.  Plaintiff filed an Amended Complaint on October 7, 2005.  (Doc. 18).  As in the original Complaint, Plaintiff again named Attorney General Bill Lockyer, and the Personnel of the Department of Justice DNA and Forensic Identification Data Base and Data Bank as well as Does 1-100 as Defendants. The Court dismissed the Complaint with leave to amend on November 2, 2006,

giving Plaintiff an additional thirty days to cure the defect.

On December 6, 2006, however, Plaintiff moved to file an interlocutory appeal of the Magistrate's Order dismissing with leave to amend.  Plaintiff also moved for an extension of time to submit an Amended Complaint.

Title 28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The court cannot be compelled to certify an order or an issue under section 1292(b), see Green v. Occidental Petroleum Corp., 541 F.2d 1335, 1338 (9th Cir. 1976), and the Court's refusal to certify an order under this statute is not appealable.  See Oppenheimer v. Los Angeles County Flood Control Dist., 453 F.2d 895, 895 (9th Cir. 1972).   The Ninth Circuit has listed the requirements for certification as: (1) that there is a controlling question of law; (2) that there are substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.  In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

The Court in this case finds no controlling question of law or substantial grounds for a difference of opinion.  As noted by the Magistrate Judge in the Order dismissing with leave to amend, under the Prison Litigation Reform Act, the Court is legally required to screen these complaints to determine whether they state a claim for relief.  28 U.S.C. § 1915A(a).  At this stage, the Complaint fails to state any claims for relief and Plaintiff has not made any attempt to cure the deficiencies outlined by the Court.  Despite having amended his Complaint once prior, Plaintiff continues to name improper Defendants in their official capacities, the Complaint violates Federal Rule of Civil Procedure 8(a), and Plaintiff fails to link any of the named Defendants to an act or omission giving rise to the alleged violations.  Accordingly, the Court

HEREBY ORDERS:

    1.    The request to file an interlocutory appeal is DENIED; and

    2.    Plaintiff's request for an extension of time to file his Amended Complaint is GRANTED. The Second Amended Complaint is due within thirty (30) days of the date of service of this Order.

IT IS SO ORDERED.

**Dated:**   **December 30, 2006**           **/s/ Anthony W. Ishii**
0m8i78                                       UNITED STATES DISTRICT JUDGE