MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| George Hamilton, | No. CV 1-04-5929-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Bill Lockyer, et al., | |
| Defendants. | |

## I.  Background

Plaintiff George Hamilton, who is confined in the Kern Valley State Prison in Delano, California, filed this case in the United States District Court for the Northern District of California, and the case was transferred to this District. United States Magistrate Judge Sandra M. Snyder issue an Order (Doc. #7) dismissing the Complaint for failure to state a claim and gaving Plaintiff an opportunity to file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed a First Amended Complaint. Magistrate Judge Snyder issued an Order (Doc. #2) dismissing the First Amended Complaint for failure to state a claim. In addition to noting multiple deficiencies in the First Amended Complaint, Magistrate Judge Snyder stated:

> In this case, despite the Court's prior Order dismissing with leave to amend, Plaintiff has listed thirteen (13) separate causes of action but does not link any of the named Defendants to any

particular acts giving rise to those claims for relief. Further, the [First Amended] Complaint consists of forty (40) pages of narrative most of which also do not link any particular Defendants to any act or omission giving rise to a constitutional claim for relief. Given Plaintiff's complete and utter disregard for this Court's prior Order dismissing with leave to amend which informed him of the deficiencies of his Complaint, Plaintiff continues to name Bill Lockyer and an office in the Department of Justice as Defendants. Further, Plaintiff names 100 Doe Defendants but does not link one of them to acts or omissions as is required for this case to proceed. The Court will not expend its scarce resources combing through the [First Amended] Complaint to try to determine where Plaintiff might state a claim for relief when Plaintiff has refused to name proper Defendants in the action. **The Court will afford Plaintiff one further opportunity to amend his [First Amended] Complaint**. However, should Plaintiff continue to name improper Defendants, fail to link any of the named Defendants to acts or omissions or fails to comply with Rule 8 of the Federal Rules of Civil Procedure, the Court will recommend dismissal of the action.

(Doc. #20 at 4-5) (emphasis added). Magistrate Judge Snyder gave Plaintiff an opportunity to file a second amended complaint that cured the multiple deficiencies identified in the Order.

Plaintiff filed a Second Amended Complaint (Doc. #35). This case was reassigned to the undersigned judge on November 25, 2008 (Doc. #38).

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Second Amended Complaint will be dismissed without leave to amend.

. . . .

. . . .

### III.     Second Amended Complaint

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

In addition, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Despite specific instructions from Magistrate Judge Snyder, Plaintiff's 13-count Second Amended Complaint names some defendants which Plaintiff was previously informed were not viable defendants. The Second Amended Complaint spans twenty-nine pages, sixteen of which are devoted to the "Introduction of Facts" and "Statement of Facts." Each of the thirteen causes of action begins with the following statement: "I adopt,

incorporate, reaffirm and reallege the above-mentioned in its entirety, and further allege defendants, and each of them . . . ." Only two of the causes of action make reference to a specific defendant.

Plaintiff's Second Amended Complaint is only marginally closer to a viable complaint than its predecessors. It is still woefully deficient and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court will dismiss it.

**IV.    Dismissal without Leave to Amend**

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint. Plaintiff apparently gave little heed to, or was unable to comply with, the Court's instructions. Further opportunities would be futile. Therefore, the Court, in its discretion, will not grant Plaintiff further leave to amend and will dismiss the Second Amended Complaint without leave to amend.

**IT IS ORDERED** that the Second Amended Complaint (Doc. #35) is **dismissed with prejudice** for failure to comply with Rules 8 of the Federal Rules of Civil Procedure. The Clerk of Court must enter judgment accordingly and close this case.

DATED this 6th day of January, 2009.

_____
Neil V. Wake
United States District Judge